IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS ARMSTRONG, | Case No. 1:19-cv-86 |
| Petitioner | |
| | UNITED STATES MAGISTRATE JUDGE |
| v. | RICHARD A. LANZILLO |
| WARDEN OF FCI MCKEAN, | |
| | MEMORANDUM OPINION AND |
| Respondent | ORDER |

I.  Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Amos Armstrong (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 7. For the following reasons, Petitioner's § 2241 petition must be dismissed based on his failure to exhaust his claims.[1]

II.  Background

On August 17, 2017, Petitioner pleaded guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 6, 2017, the United States District Court for the Western District of Michigan (the "sentencing court") sentenced Petitioner to a 46-month term of imprisonment followed by a three-year term of supervised release. ECF No. 14-1 at 8. *See also United States v. Armstrong*, No. 1:17-cr-149-1 (W.D. Mich. 2017).

In his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, Petitioner contends that the Federal Bureau of Prisons (BOP) miscalculated his sentence. Specifically,

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

Petitioner contends that he should have received credit for time spent in federal custody while on parole.

III.   Discussion

An inmate seeking habeas relief pursuant to § 2241 must first exhaust the BOP's administrative remedies as to his claim. *See, e.g., Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement: (1) fosters administrative autonomy by providing the BOP with the opportunity to correct its own errors before the federal court becomes involved; (2) conserves judicial resources by permitting the BOP to grant the relief requested if such relief is warranted; and (3) facilitates judicial review, in the event that such review is ultimately required, by allowing the BOP the opportunity to develop a factual record and apply its expertise. *See, e.g., Moscato*, 98 F.3d at 761-62.

Pursuant to 28 C.F.R. § 542.13, inmates are first encouraged to attempt to resolve their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution fails, the inmate may file a formal complaint with the Warden of his institution. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may file a Central Office Appeal with the BOP's Office of General Counsel within 30 days of the date of the Regional Director's response. *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP. *Id.*

In the instant case, Petitioner submitted an institutional Administrative Remedy Appeal to the Warden at FCI-McKean[2] requesting credit for time spent in federal custody on April 14, 2018. *See* ECF No. 14-1 ¶ 7. The Warden denied his appeal on August 16, 2018. *Id.*

On August 31, 2018, Petitioner appealed the Warden's decision to the Northeast Regional Office (Regional Office). *Id.* The Regional Office denied his appeal on the same day because portions of his appeal form were not legible. *Id.* Petitioner was informed that he could resubmit his appeal within 10 days. *Id.*

On September 10, 2018, Petitioner resubmitted his appeal to the Regional Office and was again promptly notified that several pages of his form were not legible but that he could resubmit within 10 days. *Id.* On September 26, 2018, Petitioner resubmitted his appeal to the Regional Office. *Id.* The Regional Office denied his appeal exactly one month later. *Id.*

Petitioner filed an appealed to the Central Office on November 19, 2019. *Id.* On November 23, 2019, the Central Office rejected Petitioner's appeal because he had failed to provide a copy of his Administrative Remedy Request form and a copy of the Warden's response. *Id.* The Central Office informed Petitioner that he could resubmit his appeal within 15 days. Petitioner failed to do so. *Id.*

Because Petitioner did not properly appeal his adverse decision to the Central Office, his claim has not been exhausted. Moreover, because the time period in which to exhaust his claim has long expired, his claim has now been procedurally defaulted. *See, e.g., Moscato*, 98 F.3d 761-62; *Spicer v. Ebbert*, 2019 WL 1841467, at *4 (M.D. Pa. Feb. 15, 2019) ("[The] exhaustion rule in federal habeas corpus proceedings is also subject to a procedural default requirement.").

---

[2] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner properly filed his § 2241 petition in this Court while he was confined at FCI McKean. Although Petitioner is currently confined at FCI Elkton in Ohio, the relevant consideration is the district of confinement at the time the petition was filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

As noted by the Third Circuit, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *Id. See also Beckford v. Martinez*, 408 Fed. Appx. 518, 520 (3d Cir. 2010) ("[T]he record reflects that [the petitioner's] administrative appeals were rejected as untimely. Absent a showing of cause and prejudice for his procedural default, review of the merits of [his] habeas petition is barred."). Here, Petitioner has not addressed Respondent's procedural default argument or otherwise made any attempt to demonstrate cause and prejudice to excuse his default. Nor does the record contain any evidence that the BOP prevented Petitioner from satisfying his administrative obligations. In the absence of any such showing, Petitioner's request for habeas relief must be dismissed due to his failure to properly exhaust his claims. *See, e.g., Vasquez*, 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); *Spicer*, 2019 WL 1841467, at *4 ("With respect to his complaints regarding this sentence calculation, Spicer is an inmate who has failed to exhaust his remedies, and now fails to provide cause and prejudice which excuses this earlier procedural default. Therefore, these unexhausted claims should be dismissed.").

IV. Conclusion

For the foregoing reasons, Petitioner's claims are procedurally defaulted and his petition for a writ of habeas corpus is therefore dismissed.[3]

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: April 21, 2020